UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ESTANISLAO OLMOS-GONZALES <br><br> Defendant. | Case No.: 76cr898 BTM <br><br> **ORDER DENYING GOVERNMENT'S MOTION TO DISMISS INDICTMENT AND RECALL ARREST WARRANT** |

The Government has moved to dismiss the indictment and recall an arrest warrant in this case. The only justification provided is that "this motion is made in the interest of justice." However, such a conclusory statement is insufficient, standing alone, to warrant dismissal of an indictment. For the following reasons, the Government's motion must be DENIED without prejudice.

Pursuant to Fed. R. Crim. P. 48(a), "The government may, with leave of court, dismiss an indictment, information, or complaint." The advisory committee notes emphasize that this rule is a departure from the common law rule, which provided

1

that a prosecutor could enter a *nolle prosequi* entirely at his or her own discretion and without involvement by the court. See Fed. R. Crim. P. 48, Note to Subdivision (a); See also United States v. Cowan, 524 F.2d 504, 513 (5th Cir. 1975) ("[T]he phrase 'by leave of court' in Rule 48(a) was intended to modify and condition the absolute power of the Executive.").

In response to a Rule 48(a) motion to dismiss, courts do "not automatically grant dismissal." Korematsu v. United States, 584 F. Supp. 1406, 1412 (N.D. Cal. 1984); see also United States v. Bettinger Corp., 54 F.R.D. 40, 41 (D. Mass. 1971) (citations omitted) ("[A] District Court in passing on a motion by the Government to dismiss is not a mere rubber stamp and must exercise independent discretion."). Rather, "[a] limited review by the court is necessary, even where the defendant consents. The purpose of this limited review is to protect against prosecutorial impropriety or harassment of the defendant and to assure that the public interest is not disserved." Korematsu, 84 F. Supp. at 1412.

To enable courts to carry out this limited review, the government must provide its reasons and factual basis justifying dismissal. See United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir. 1988) (citing United States v. Derr, 726 F.2d 617, 619 (10th Cir. 1984)). In United States v. Ammidown, 497 F.2d 615 (D.C. Cir. 1973), the United States Court of Appeals for the District of Columbia Circuit noted that:

> Rule 48(a)'s requirement of judicial leave . . . gives the court a role in dismissals following indictment. . . . [I]n the exercise of its responsibility, the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis. . . . The rule contemplates exposure of the reasons for dismissal in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors, and in pursuance of this purpose to gain the Court's favorable discretion, it should be satisfied that the reasons advanced for the proposed dismissal are substantial.

Id. at 620 (internal quotation marks and citations omitted); See also United States v. Salinas, 693 F.2d 348, 352 (5th Cir. 1982) ("Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons-reasons that constitute more than a mere conclusory interest." (internal quotation marks and citations omitted)); United States v. Heaton, 458 F. Supp. 2d 1271, 1271-72 (D. Utah 2006) (citing Ammidown, 497 F.2d at 620 n.10) ("[T]he court must make its own independent determination that dismissal is warranted. A mere conclusory statement from the government that dismissal is appropriate does not allow the court to satisfy its obligations."); United States v. Becker, 221 F. Supp. 950, 953 (W.D. Mo. 1963) ("[T]he record must show something more than the mere conclusion of the Government that the interest of justice would be served by the dismissal of the indictment."); United States v. Shanahan, 168 F. Supp. 225, 229 (S.D. Ind. 1959) ("[T]he bare assertion that the

3

1  motion is made 'in the interests of justice,' when not implemented by explanatory
2  facts, is plainly not sufficient to justify a court in permitting the dismissal of an
3  indictment."); United States v. Doe, 101 F. Supp. 609, 611 (D. Conn. 1951) ("[I]f the
4  court has discretion in the premises it is entitled to the factual information upon
5  which the final departmental recommendation is based.").

   The Court recognizes that "the prosecutor is 'the first and presumptively the best judge of whether a pending prosecution should be terminated,'" United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988) (quoting Cowan, 524 F.2d at 513), and that "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge," United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995) (citing United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988)). Accordingly, once the government provides its reasons and facts favoring dismissal, the motion should only be denied when it "is prompted by considerations clearly contrary to the public interest, or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to charging, dismissing, and recharging," or is otherwise not made in good faith. Wallace, 848 F.2d at 1468 (internal quotation marks and citations omitted).

   The Government's motion requests dismissal under Rule 48(a), but provides no justification for the request beyond the assurance that the "motion is made in the interest of justice." As discussed above, this is an insufficient statement of reasons.

See <u>Strayer</u>, 846 F.2d at 1265; <u>Salinas</u>, 693 F.2d at 352; <u>Ammidown</u> 497 F.2d at 620; <u>Heaton</u>, 458 F. Supp. 2d at 1271-72; <u>Becker</u>, 221 F. Supp. at 953; <u>Shanahan</u>, 168 F. Supp. at 229; <u>Doe</u>, 101 F. Supp. at 611.

For the foregoing reasons, the Government's motion to dismiss the indictment and recall an arrest warrant is DENIED without prejudice. The Government may refile the motion with a more specific reason.

IT IS SO ORDERED.

Dated: <u>January 30, 2014</u>

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

5